# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FORSYTH CONSULTING, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| **ZOE'S KITCHEN, INC.,** | ) _____ |
| Defendant. | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Zoe's Kitchen, Inc. ("Defendant"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama to the United States District Court, Northern District of Alabama, Southern Division.  As grounds for this removal, Defendant states as follows:

## INTRODUCTION

1. Plaintiff Forsyth Consulting, Inc. ("Plaintiff") commenced this action on or about October 31, 2014, by filing a Complaint against Zoe's Kitchen, Inc. ("Zoe's") in the Circuit Court of Jefferson County, Alabama (Civil Action Number CV-2014-904547), which is a state court within this judicial district.  Plaintiff's Complaint alleges that Defendant breached a Foreground Music Services

Agreement.  (Compl. ¶ 14).  In its Complaint, the Plaintiff asserts two separate contract claims:  (1) That Zoe's breached an "evergreen clause," and (2) that Zoe's failed to pay for certain services, equipment and freight expenses.  (Compl. ¶¶ 13-16, 18-20).

2. Zoe's was served with the Summons and Complaint on November 6, 2014.  Therefore, this Notice of Removal is timely filed.  Pursuant to 28. U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders served upon Defendant are collectively attached hereto as Exhibit "A."

## **GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION**

3. This case is properly removable pursuant to 28 U.S.C. §1441, which provides in pertinent part as follows:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.--
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.      This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A.  Citizenship of the Parties

5.      There is complete diversity of citizenship between Plaintiff and Defendant.

6.      Plaintiff is a corporation organized and existing pursuant to the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama. (Compl. at ¶1). Plaintiff is, therefore, a citizen of the State of Alabama. 28 U.S.C. §1332(c)(1).

7.      Defendant Zoe's Kitchen, Inc. is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Plano, Texas. (Exhibit "B" - Declaration of Jason Morgan). Zoe's corporate headquarters is located in Plano, Texas and that is where Zoe's officers direct, control and coordinate the corporation's activities. (*Id.*). Defendant is, therefore, a citizen of the States of Delaware and Texas. 28 U.S.C. §1332(c)(1).

B.  **Amount in Controversy**

8.  As required by 28 U.S.C. §§ 1332(a) and 1446(c), the amount in controversy in this action exceeds $75,000.  Congress amended § 1446(c) and codified the defendant's right to assert the amount in controversy in the notice of removal.  *See* H.R. REP. No. 112-10, at 15 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580.  Congress' amendments to the removal statutes largely followed the Eleventh Circuit's existing approach to the determination of the amount in controversy.

9.  In determining the amount in controversy, the Court will look at amount of damages claimed in the complaint.  *Amos v. CitiFinancial Corp.*, 243 F. Supp. 2d 587, 589 (N.D. Miss. 2003); *McGee v. Sentinel Offender Serv's, LLC*, 719 F.3d 1236, 1241-43 (11th Cir. 2013).  Where it is facially apparent from the complaint itself that the amount in controversy exceeds the jurisdictional minimum, removal is proper.  *Marsar v. Smith and Nephew, Inc.*, 950 F.Supp. 2d 1228, 1229 (M.D. Fla. 2013); *Stubbs v. CitiMortgage, Inc.*, 549 Fed. Appx. 885, 886 (11th Cir. 2013) (district court property exercised diversity jurisdiction where the complaint alleged damages in excess of $75,000).

10.  Count I of Plaintiff's Complaint asserts that the Plaintiff suffered damages in excess of $500,000.00.  (Compl. ¶ 16).  In addition, in Count II, the Plaintiff claims to suffer additional damages relating to certain services, equipment

and freight expenses.  (Compl. ¶¶ 19-20).  Thus, it is apparent from the Complaint that the amount in controversy requirement is easily satisfied in this case.

## ADOPTION AND RESERVATION OF DEFENSES

11.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama or Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise.

## JURISDICTIONAL REQUIREMENTS

12.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

13.    Defendant has heretofore sought no similar relief.

14.    The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place where this action is pending in state court.

15. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

16. Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, as provided by law.

17. To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Defendant respectfully requests an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

        s/ Stephen J. Bumgarner
        Stephen J. Bumgarner (ASB-2089-M66S)

        Attorney for Defendant
        Zoe's Kitchen, Inc.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
sbumgarn@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to his office address through first-class, United States mail, postage prepaid, on this the 5th day of December, 2014:

Michael K. Beard, Esq.
Jane F. Mauzy, Esq.
Marsh, Rickard & Bryan, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL  35209

s/ Stephen J. Bumgarner
OF COUNSEL